IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

           Plaintiff,

Vs.                                         No. 08-40051-01-SAC

ANDREW S. RALPH,

           Defendant.

MEMORANDUM AND ORDER

The case comes before the court on the defendant's unresolved objections to the presentence report ("PSR") as appearing in the PSR addendum.  The defendant is a twenty-one-year-old male charged in a single count information with making a false statement to a special agent with the Federal Bureau of Investigation ("FBI") during an interview on or about August 14, 2007, concerning  "allegations that he and others had committed a federal civil rights violation by binding . . . an African-American juvenile, and then urinating on him and painting him white, all while yelling racial slurs." (Dk. 1).  The defendant pleaded guilty on July 15, 2008, to this violation of 18 U.S.C. § 1001, class D felony.

The final revised PSR distributed in October of 2008 looks first at the guideline of U.S.S.G. § 2B1.1 for offenses involving fraud or deceit, because the count of conviction is for making a false statement to a federal agent in violation of 18 U.S.C. § 1001. The PSR determines the cross reference at U.S.S.G. § 2B1.1 (c)(3) makes U.S.S.G. § 2H1.1 applicable for "the underlying offense is Criminal Interference with the Right to Fair Housing, which is a violation of 42 U.S.C. § 3631." (PSR of Oct. 2, 2008, ¶ 31). The PSR then recommends a base offense level of twelve for involving two or more participants (U.S.S.G. § 2H1.1(a)(2)), a two-level enhancement for restraining the victim (U.S.S.G. § 3A1.3), a three-level enhancement for selecting a victim because of his race (U.S.S.G. § 3A1.1(a)), and a two-level enhancement for obstruction of justice for his false statements to the FBI officer (U.S.S.G. § 3C1.1). The PSR recommends a guideline range of 37 to 46 months based on a total offense level of 19 and a criminal history category of three.

As initially disclosed, the PSR did not have an enhancement for obstruction of justice but was later added at the government's request and over the defendant's objection. The defendant objected that the enhancement resulted in double counting as it was based on the same

offense conduct that resulted in the base offense level.  The PSR writer explained that the obstructive conduct was not considered in the base offense level of the cross-referenced guideline of U.S.S.G. § 2H1.1, so no double counting occurred.  The court believes this objection as well as the defendant's first objection to the enhancement for restraint of a victim implicate the propriety of the PSR using the cross-referenced guideline at U.S.S.G. § 2H1.1.

The applicable guideline for offenses under 18 U.S.C. § 1001 is generally U.S.S.G. § 2B1.1.  Under the subsection of cross references, subdivision (c)(3) provides:

> If (A) neither subdivision (1) nor (2) of this subsection applies; (B) the defendant was convicted under a statute proscribing false, fictitious, or fraudulent statements or representations generally (e.g., 18 U.S.C. § 1001, § 1341, § 1342, or § 1343); and (C) the conduct set forth in the count of conviction establishes an offense specifically covered by another guideline in Chapter Two (Offense Conduct), apply that other guideline.

U.S.S.G. § 2B1.1(c)(3).  Of the three required elements set forth there, the court finds only the requirement (C) to be an issue.

The interpretation and application of the requirement (C) seem plain on its face.  For another guideline to apply, the conduct alleged in the indictment or information charging the count of conviction must establish

3

the commission of another offense "specifically covered" by another guideline. Most courts read and apply this requirement in the same plain and unambiguous manner:

> A plain reading of this unambiguous language establishes that the district court may look only to "the conduct set forth in the count of conviction" when determining whether the cross-reference applies. As such, this cross-reference is applicable "only if the conduct alleged in the count of the indictment of which the defendant is convicted establishes the elements of another offense." *United States v. Genao*, 343 F.3d 578, 583 (2d Cir. 2003)."

*United States v. Bah*, 439 F.3d 423, 427 (8th Cir. 2006) (false statement count of conviction under 18 U.S.C. § 1001 failed to allege requisite elements for offenses under 18 U.S.C. §§ 371, 1544, or 1546); *see also United States v. Kim*, 95 Fed. Appx. 857, 861-62, 2004 WL 729168 (9th Cir. 2004) (false statement count of conviction under 18 U.S.C. § 1001 failed to charge requisite intent for an obstruction offense under 18 U.S.C. § 1505);  *United States v. Rodriguez*, 493 F. Supp. 2d 833, 834 (W.D. Tex. 2007) (false statement count of conviction under 18 U.S.C. § 1001 adequately alleged the offense of shielding an alien from detention in violation of 8 U.S.C. § 1324(a)(1)(A)(iii)); *but see United States v. Ochoa*, 2008 WL 3972268 at 84 (11th Cir. Aug. 28, 2008) (cited and then summarily rejected Second and Eighth Circuit decisions as not controlling

and insufficient to establish plain error on district court's use of cross reference). The Eighth Circuit in *Bah* convincingly explains this reading is consistent with the Sentencing Commission's amended language:

> Our understanding of the plain meaning of § 2B1.1(c)(3) also is supported by the language that the United States Sentencing Commission chose to exclude from the current version of the section. Under the prior version of the guidelines, sentencing for a violation of § 1001 was governed by the former § 2F1.1, which contained a similar cross-reference provision that allowed the district court to consider not only the indictment or information setting forth the count of conviction but also "(a stipulation described in § 1B1.2(a))." U.S.S.G. § 2F1.1 (deleted), cmt. n. 14 (1998). However, when § 2F1.1 and § 2B1.1 were consolidated, this parenthetical phrase in § 2F1.1 was not adopted. Clearly, the Sentencing Commission intended to limit the application of the cross-reference to situations in which the conduct set forth solely in the count of conviction establishes another offense.

*United States v. Bah*, 439 F.3d at 427 n.3. While the Tenth Circuit has yet to address this issue, the court is inclined to believe the circuit would follow the plain reading approach taken in the published opinions of the Eighth and Second Circuits.

The count of conviction in this case charges:

> On or about the August 14, 2007, in the District of Kansas, Topeka Division, in a matter within the jurisdiction of the Federal Bureau of Investigation (FBI), an agency within the executive branch of the United States, defendant ANDREW S. RALPH did knowingly and willfully make materially false, fictitious, and fraudulent statements and representations to a Special Agent of the FBI during an interview regarding allegations that he and others had committed

>     a federal civil rights violation by binding J.L., an African-American
>     juvenile, and then urinating on him and painting him white, all while
>     yelling racial slurs. Specifically, the defendant stated, falsely, that he
>     had neither seen, heard, nor participated in the racially motivated
>     conduct, when in truth and in fact, he had witnessed the entire
>     incident and had urinated on J.L. while using racial epithets.
>        All in violation of Title 18, United States Code, Section 1001.

(Dk. 1). The PSR's cross reference to U.S.S.G. § 2H1.1 is proper only if this count also establishes a violation of 42 U.S.C. § 3631. "To establish a violation of 42 U.S.C. § 3631(a), the Government must prove beyond a reasonable doubt that the defendant acted with the specific intent to injure, intimidate or interfere with the victim because of [his] race and because of the victim's occupation of [his] home." *United States v. Whitney*, 229 F.3d 1296, 1303 (10th Cir. 2000) (quotation marks and citation omitted); *see also United States v. Magleby*, 241 F.3d 1306, 1312 (10th Cir. 2001). The count of conviction does not establish that the defendant acted with the specific intent to injure because of the victim's occupation of his home. As laid out by § 3631(a) and summarized by Tenth Circuit case law, this specific intent is a material element necessary to prove a violation. *Id.* It would be error for the court to rely on the § 2B1.1(c)(3) cross reference, as "the conduct set forth in the count of conviction" does not establish the defendant's commission of 42 U.S.C. § 3631. *See United States v. Bah*,

439 F.3d at 428. Because the PSR mistakenly recommends reliance on that cross reference, the court directs the PSR to be revised in light of this ruling and then to be disclosed again for the parties' objections pursuant to Fed. R. Crim. P. 32(f).

IT IS THEREFORE ORDERED that the defendant's objection to the PSR is sustained insofar as the PSR shall be revised to calculate the appropriate and correct guideline sentencing range without relying on the cross reference of U.S.S.G. § 2B1.1(c)(3), and then the PSR shall be disclosed again for the parties' objections pursuant to Fed. R. Crim. P. 32(f).

Dated this 13th day of November, 2008, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge